UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SEAN PATRICK BOISVERT, | * | |
| | * | |
| Petitioner/Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 22-40070-ADB |
| | * | |
| COURTNEY LYNN SANS, et al., | * | |
| | * | |
| Respondents/Defendants. | * | |
| | * | |

ORDER

BURROUGHS, D.J.

Pretrial detainee Sean Patrick Boisvert brings this *pro se* action in which he claims that a pending state criminal prosecution against him is unlawful. For the reasons set forth below, the Court will dismiss this action without prejudice.

Boisvert characterizes this action as one for habeas relief and a non-habeas civil action in which he seeks damages from various persons involved in the prosecution against him: two judges, three assistant district attorneys, two Sex Abuse Investigation Network interviewers from the District Attorney's office, two Worcester police detectives, an attorney, and the Massachusetts Attorney General. He represents that he has been a pretrial detainee for seven years and that his trial is scheduled to begin on August 8, 2022.

**I.    Habeas Relief**

To the extent Boisvert's seeks habeas relief, (*i.e.*, he is challenging the fact or duration of his confinement), the Court must abstain from exercising jurisdiction over this action. Under the doctrine of *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37 (1971), "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing

state proceedings." *Coggeshall v. Mass. Bd. of Registration of Psyc.*, 604 F.3d 658, 664 (1st Cir. 2010) (quoting *Brooks v. N.H. Supreme Ct.*, 80 F.3d 633, 637 (1st Cir. 1996)). *Younger* abstention is even appropriate where litigants "claim violations of important federal rights," *In re Justices of Superior Ct. Dept. of Mass. Trial Ct.,* 218 F.3d 11, 17 (1st Cir. 2000), as long as the federal claims can be "raised and resolved *somewhere* in the state process," *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see* U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." *Casa Marie, Inc. v. Super. Ct.*, 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted).

Here, the Court would "needlessly inject" itself in a pending state proceeding if it were to consider Boisvert's challenges to the pending criminal prosecution against him. The Court has no reason to believe that Boisvert will not have an opportunity to raise all pertinent issues within the state court system, whether in front of the trial court or on appeal.

**II.       Claims for Damages**

Money damages are not available in habeas cases. *See Muhammed v. Close*, 560 U.S. 749, 751 (2004) (per curiam). If a litigant seeks money damages, the litigant must file a non-habeas civil action. The filing fee for such an action is $402 (rather than the $5.00 filing fee for a habeas action). The $402 fee has two components—a $350 statutory fee and a $52 administrative fee. If a prisoner is allowed to proceed *in forma pauperis*, the $52 fee is waived, and the prisoner may go forward with his action without prepaying the $350 fee. The prisoner must, however, pay the $350 filing fee over time, regardless of the outcome of the case.

Thus, if Boisvert wishes to bring claims for money damages, he must file a separate civil complaint and satisfy the filing fee by paying $402 or by filing a motion for leave to proceed *in forma pauperis*. If he is allowed to proceed *in forma pauperis*, he must pay a $350 filing fee over time. The Court does not take any position as to whether Boisvert should file a non-habeas civil action.

## III.  Conclusion

For the aforesaid reasons, the Court orders that this action be DISMISSED without prejudice. No filing fee is assessed.

SO ORDERED.

| | |
|---|---|
| 8/2/2022 | /s/ Allison D. Burroughs |
| DATE | UNITED STATES DISTRICT JUDGE |